Filed 12/15/25  P. v. Bridges CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B338597 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA372306 ) |
| v. | |
| JASON NELVIS BRIDGES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark K. Hanasono, Judge.  Dismissed.

Correen W. Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jason Nelvis Bridges appeals from a trial court order declining to take action on his request for resentencing under Penal Code section 1172.1[1] and denying a writ of habeas corpus under the Racial Justice Act (§ 745). Bridges's appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Bridges filed a supplemental brief. Because neither aspect of the trial court order is appealable, and we decline to construe Bridges's supplemental brief as a separate petition for writ of habeas corpus, we dismiss the appeal.

## BACKGROUND

In 2012, a jury found Bridges guilty of eight counts of second degree robbery (§ 211) and six counts of assault with a semiautomatic firearm (§ 245, subd. (b).) The jury also found true allegations that a principal used a firearm in connection with all eight robbery counts (§ 12022, subd. (a)(1)). Bridges admitted suffering one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and one prior serious felony conviction (§ 667, subd. (a)(1)). The trial court sentenced Bridges to a total term of 31 years.

Bridges appealed. A different panel of this court affirmed his convictions but ordered his sentence modified. (See *People v. Calloway* (Dec. 9, 2013, B239805) [nonpub. opn.].) On December 19, 2013, the trial court filed a new abstract of judgment reflecting a total sentence of 28 years, 8 months.

On March 25, 2024, Bridges, acting in propria persona, filed a "Petition for Re-Call and Re-Sentencing Pursuant to § 1172.1; and Relief Due to Discrimination Pursuant to Penal Code Section § 745 subd. (a)(4) 'CJRA.'" In the portion of his filing

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

addressing resentencing, Bridges asserted that "much of petitioner's sentence is comprised of enhancements, and multiple counts which are primarily stacked up against the petitioner . . . derived from one criminal act," the enhancements were imposed in a racially discriminatory fashion, and he "has put forth great efforts to rehabilitate himself" while incarcerated.  In the portion addressing the RJA, Bridges argued that section 745, subdivision (a)(4) was violated in his case, because of racial disparities in application of the Three Strikes law.  Bridges attached several exhibits to the filing: the abstract of judgment, a 2004 article examining the impact of the Three Strikes law "on African-Americans and Latinos," a 2016 article addressing the "demographic characteristics of strike offenders," his inmate housing assignment history, and two pages of transcript from Lake Tahoe Community College.

Without holding a hearing, the trial court issued a minute order regarding Bridges's filing on May 15, 2024.  The order stated, "The court reviewed Defendant's Petition for recall and resentencing pursuant to § 1172.1; and relief due to discrimination pursuant to Penal Code section 745 subd. (a)(4).  Defendant is not entitled to file a petition for recall of his sentence and resentencing under section 1172.1, subdivision (c).  The court takes no action Defendant's request [*sic*]."  The order further noted that "Defendant can only raise his post-conviction claim by way of a petition for writ of habeas corpus," and concluded that, "[i]f treated as such a petition, Defendant's filing suffers from multiple defects," including lack of support for his assertions that he was sentenced more severely than similarly situated individuals and that more severe sentences were imposed on defendants sharing his demographic characteristics."

3

Bridges timely filed a notice of appeal. His appointed appellate counsel filed a brief recognizing courts of appeal have found "similar orders" nonappealable, raising no issues, and requesting we follow the procedures outlined in *Delgadillo*, *supra*, 14 Cal.5th 216. Bridges filed a form petition for writ of habeas corpus and attached a supplemental brief, which he "requests that this Court consider . . . under its original habeas corpus jurisdiction." He contends the court abused its discretion by not dismissing the enhancements in light of changes to the law and his rehabilitative efforts. He also argues that the Three Strikes law and its application in his case violates the RJA and the federal Constitution.

## DISCUSSION

Neither aspect of the trial court's order is appealable. The appeal accordingly must be dismissed.

### I.     Section 1172.1 Ruling

Section 1237 generally governs a defendant's right to appeal in criminal cases. Under that section, a defendant may appeal from (1) a final judgment of conviction, and (2) "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subds. (a), (b).)

Pursuant to section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced. . . ." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of various designated correctional or law enforcement authorities.

4

(*Ibid.*) However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) "[A] defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)

Because Bridges had no right to a ruling under section 1172.1, the trial court's decision to take no action on that aspect of his motion did not affect his substantial rights. (*Hodge, supra,* 107 Cal.App.5th at p. 996; see also *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045-1046.) It is therefore not an appealable order under section 1237.

## II.    RJA Ruling

The trial court's decision denying Bridges's request for relief under the RJA likewise is not appealable. A defendant, like Bridges, whose judgment is already final and who is currently incarcerated is permitted to bring an RJA claim only in a petition for writ of habeas corpus pursuant to section 1473. (§ 745, subdivision (j); see *Hodge, supra,* 107 Cal.App.5th at p. 1000.) To the extent Bridges raised his RJA claims in a motion, the trial court lacked jurisdiction to act on that motion, and the court's order denying that motion is not appealable. (*Hodge,* supra, 107 Cal.App.5th at pp. 999-1000.) To the extent the trial court treated Bridges's motion as a petition for writ of habeas corpus, the court's ruling denying that petition also is not appealable. A defendant may not appeal a trial court's denial of a habeas petition, but may seek review only by filing a petition for writ of habeas corpus in a reviewing court. (See *id.* at p. 1000, fn. 5; *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064

5

["No appeal lies from an order denying a petition for writ of habeas corpus."].)

      We decline Bridges's request to construe his supplemental brief as a petition for writ of habeas corpus.  If Bridges wishes to pursue habeas relief, he must do so in accordance with the procedures governing such petitions.

**DISPOSITION**

      The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


ZUKIN, P. J.


TAMZARIAN, J.